IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                    No. 09-30067-DRH

WALTER BURSEY

    Defendant.

## ORDER

**HERNDON, District Judge:**

Now before the Court is defendant's *pro se* motion seeking appointment of counsel and a "minor role" reduction (Doc. 42). Based on the record and the following, the motion is **DENIED**.

After pleading guilty to possession with intent to distribute cocaine base, defendant was sentenced on July 16, 2010 to 120 months' imprisonment (Doc. 38). He did not file a direct appeal.

On September 6, 2016, defendant filed the subject motion. Defendant contends he is entitled to a "minor role" reduction based on a recent amendment to the advisory federal sentencing guidelines manual. Specifically, defendant relies on Amendment 794 which amended § 3B1.2 of the United States Sentencing Guidelines and took effect on November 1, 2014 (after the defendant's conviction became final). Additionally, defendant relies on *United States v. Quintero-Leyva,* 823 F.3d 519 (9th Cir. 2016) (applying Amendment 794 retroactively on direct appeal to a defendant who argued at sentencing, prior to the amendment, for the

minor role reduction). Although not directly cited by the defendant, the Court construes the defendant's motion as a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[1]

As a preliminary matter, the Court notes the defendant waived his right to sentence modification pursuant to Section 3582(c)(2) (Doc. 27 ¶ 2) (waiving his right to "contest any aspect of his conviction and sentence that could be contested under Title 18..."). However, even if defendant did not waive the right, Amendment 794 does not authorize a reduction. Here, the applicable policy statements provide that a reduction is authorized only when a *retroactively applicable* Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Section 1B1.10 lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, rather than direct appeal, and Amendment 794 is not listed in § 1B1.10 as retroactively applicable. Because Amendment 794 is not retroactively applicable, defendant's request for a reduction under § 3582(c)(2) must be denied.

Defendant's reliance on *Quintero-Leyva* does not alter this result. First, *Quintero-Leyva* is not controlling precedent in this circuit. Second, *Quintero-Leyva* is distinct from defendant's case. In *Quintero-Leyva* the Ninth Circuit concluded Amendment 794 applies retroactively to *direct appeals* because it

---

[1] Generally, a district court may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under § 3582(c). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

"resolved a circuit split and was intended as a clarifying amendment." *Quintero-Leyva* 823 F.3d at 523. Defendant did not directly appeal his conviction or sentence. Accordingly, *Quintero-Leyva* is inapplicable.

Finally, because the Court has no authority to reduce defendant's sentence, he has no need for counsel. *See e.g., United States v. Hill,* 316 Fed. Appx. 502, 502-503 (7th Cir. 2009); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999), *cert. denied*, 528 U.S. 1023, 120 S.Ct. 535, 145 L.Ed.2d 415 (1999).

For the reasons stated herein, defendant's motion seeking a "minor role" reduction and appointment of counsel (Doc. 42) is **DENIED**.

**IT IS SO ORDERED.**

**Signed this 9th day of November, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.11.09 12:24:59 -06'00'

**United States District Judge**